IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KAREN ZUPP, on behalf of
A.W.E., Jr.,

        Plaintiff,

  vs.                                     Civil Action 2:14-cv-2545
                                             Chief Judge Sargus
                                             Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## REPORT AND RECOMMENDATION

On February 9, 2016, the Court reversed the decision of the Commissioner and remanded the action, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further administrative proceedings. *Order*, ECF No. 22; *Judgment*, ECF No. 23. On April 8, 2016, plaintiff filed a motion for an attorney fee pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *Notice of Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412*, ECF No. 24; *Memorandum in Support of Plaintiff's Petition for Counsel Fee Allowance Under Equal Access to Justice Act*, ECF No. 25. The Commissioner has filed no opposition to that motion.

Plaintiff asks for an award of attorney fees in the total amount of $6,928.48. Part of that amount, *i.e.*, $6380.48, reflects attorney compensation at the statutory rate plus cost of living increases (totaling $185.21 per hour for work performed) for 34.45 hours of itemized work. *Attorney's Affirmation in Support of Motion for EAJA Fees*, ECF No. 25-1, ¶ 9 ("*Affirmation*"). The itemized list reflects

1

that counsel spent 0.3 hours on December 4, 2014 drafting a motion for *pro hac vice* admission.  *See* Exhibit C, attached to *Affirmation*.  At least one district court in this circuit, however, has disallowed the *pro hac vice* fee in calculating an award under the EAJA.  *See*, *e.g.*, *Burton v. Covin*, No. 3:14CV457, 2015 WL 350386, at *1 (N.D. Ohio Jan. 26, 2015) ("The cost of . . . being granted leave to appear *pro hac vice*[] is a personal expense that an attorney should bear himself.  Such fee, is quite literally, the price for *his* ticket to ride.") (emphasis in the original).  This Court agrees with this conclusion.  *Cf. Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816 (N.D. Ohio 2010), on reconsideration in part (July 21, 2010) ("[*P*]*ro hac vice* fees are generally not recoverable, and their award disfavored.").  Accordingly, the 0.3 hours on December 4, 2014 related to the drafting of a motion for *pro hac vice* admission is not billable.  Other than this exclusion, the Court concludes, particularly in light of the Commissioner's failure to oppose the motion, that this request for attorney fees is reasonable and appropriate.  *See Affirmation*, ¶ 9; Exhibit A, attached thereto (table reflecting Consumer Price Index and EAJA calculation).

The remaining amount of the total fee requested, *i.e.*, $548.00, reflects paralegal compensation at the rate of $80.00 per hour for work performed for 6.85 hours of work.  *Affirmation*, ¶ 9.  While a plaintiff is entitled to recover for paralegal services at the market rate, *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 577 (2008), "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288, n.10 (1989).  *See also Spiller v. Comm'r*

2

*of Soc. Sec.*, 940 F. Supp. 2d 647, 651 (S.D. Ohio 2013) (identifying non-billable clerical tasks, including the downloading, printing, and mailing of court documents). "Notwithstanding the prohibition against compensation for secretarial or overhead costs, work done by non-attorneys such as paralegals or law clerks, may be compensable under the EAJA if the work is 'sufficiently complex' or work 'traditionally performed by attorneys.'" *Gunther v. Comm'r of Soc. Sec.*, 943 F. Supp. 2d 797, 805 (N.D. Ohio 2013) (internal quotation marks and citations omitted). In addition, the plaintiff must present some evidence of the prevailing market rate for paralegal services. *See, e.g.*, *Coss v. Comm'r of Soc. Sec.*, No. 2:15-CV-2222, 2016 WL 722141, at *1 (S.D. Ohio Feb. 24, 2016). *Cf. Hawk v. Astrue*, No. 4:11CV196, 2013 WL 139799, at *4 (N.D. Ohio Jan. 10, 2013) (awarding paralegal fees at market rate where the plaintiff submitted a publication of a survey of legal assistant billing rates from the National Association of Legal Assistants to establish that the requested fees for paralegal services were actually less than the prevailing market rates for paralegals).

In the case presently before the Court, plaintiff submits the following itemization of paralegal time:[1]

| Date | Subject | Hours |
|---|---|---|
| 10/14/2014 | Files received, Reviewed and Processed from Referral Source for Attorney Review | 0.6 |
| 11/13/2014 | FDC Prospect Packet Created and Mailed for Client Completion | 0.5 |
| 11/14/2014 | Telephone Call with Client re:  Assistance with In Forma Pauperis Application | 0.5 |

---

[1] For ease of reference, this summary omits entries for which "0" time is requested and omits the name of the timekeeper.

3

| | | |
|---|---|---|
| 12/3/2014 | Federal Court Forms Packet Returned/Reviewed for Completion | 0.3 |
| 12/8/2014 | Federal Court – Accept Letter – New FDC Filing | 0.2 |
| 3/16/2015 | Download, file and save Transcript in 13 (Thirteen) Parts | 0.7 |
| 3/30/2016 | Combine, OCR, Live Bookmark and Strip PDF-A Administrative Record (848 pages) | 0.75 |
| 4/23/2015 | Plaintiff's Statement of Errors mailed to Client | 0.2 |
| 2/18/2016 | Correspondence to Client re: FDC Remand | 0.2 |
| 2/18/2016 | Federal Court-Remand Referral back to Referral Source | 0.3 |
| 3/24/2016 | EAJA Preparation | 1.5 |
| 3/25/2016 | Combine EAJA Narrative, Time Records, Exhibit, Certificate.  File per Local Rule | 1.1 |
| | | 6.85 |

Exhibit D, attached to *Affirmation*.  After reviewing these entries, the Court finds that the following time entries are non-billable clerical tasks:  0.5 hours on 11/13/2014; 0.2 hours on 12/8/2014; 0.7 hours on 3/16/2015; 0.75 hours on 3/30/2015; 0.2 hours on 4/23/2015; 0.2 hours on 2/18/2016; 1.1 hours on 3/25/2016, totaling 3.65 of non-billable clerical time and leaving 3.2 hours of billable paralegal time (6.85 total paralegal hours minus 3.65 non-billable time = 3.2 billable paralegal hours).

Although plaintiff seeks paralegal compensation at the rate of $80.00 per hour for work performed, the *Affirmation* does not address the market rates for paralegal services.  *See id*.  *See also* Exhibit A, attached thereto (addressing calculation of attorney statutory rate, but not market rates for paralegals).  "Without some type of evidence

4

[as to the prevailing market rate for paralegals], any award for paralegal time would be based on mere speculation." *Coss*, 2016 WL 722141, at *1. *See also Hawk*, 2013 WL 139799, at *4.

Finally, plaintiff seeks reimbursement of expenses, which total $200.00 for the cost of plaintiff's counsel's *pro hac vice* admission. *Affirmation*, ¶ 11. *See also* Exhibit E, attached thereto. However, as discussed *supra*, the cost of *pro hac vice* admission is not recoverable under the EAJA. *See Burton*, 2015 WL 350386, at *1.

It is therefore **RECOMMENDED** that plaintiff's motion for attorney fees pursuant to the EAJA, ECF No. 24, be **GRANTED in part** and **DENIED in part**. Specifically, the Court **RECOMMENDS** that plaintiff be awarded an attorney fee in the amount of $6324.92.[2] The Court **FURTHER RECOMMENDS** that no award be made for non-billable clerical paralegal time (3.65 hours) and that absent a supplemental motion or some other evidence of the market rate for social security paralegals in this District, no award be made for plaintiff's non-clerical billable paralegal time (3.2 hours). Finally, the Court **RECOMMENDS** that plaintiff's request for expenses, *i.e.*, $200.00 for the cost of counsel's *pro hac vice* admission, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

---

[2] This amount reflects the total amount of attorney time billed, $6380.48, minus the time spent drafting the motion for *pro hac vice* admission, $55.56 (0.3 hours expended x $185.21 hourly rate = $55.56).

5

must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

May 3, 2016                                       *s/Norah McCann King*
                                                  Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge

6